IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **ANTHONY JOHNSON**, on behalf of himself and all others similarly situated, | CASE NO. |
| Plaintiff, | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| v. | |
| | **JURY DEMAND ENDORSED HEREON** |
| **EMPIRE PACKING COMPANY, LLC f.k.a. EMPIRE PACKING COMPANY, L.P.**, | |
| Defendant. | |

Plaintiff Anthony Johnson ("Plaintiff") files this Complaint against Defendant Empire Packing Company, LLC f.k.a. Empire Packing Company, L.P. ("Defendant")[1] seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq.* (FLSA) and the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code 4111.03(D) ("OMFWSA"). The following allegations are based on personal knowledge of Plaintiff's own conduct, and upon information and belief as to the conduct and acts of others:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violate the FLSA and the OMFWSA.

2. Plaintiff brings this case as a collective action on behalf of himself and other similarly situated persons who have joined or may join this case pursuant to 29 U.S.C. § 216(b).

---

[1] Empire Packing Company, LLC was formerly known as Empire Packing Company, L.P. as of June 7, 2023. https://businesssearch.ohiosos.gov?=businessDetails/954992 (last viewed 6/20/23).

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other similarly situated persons who worked for Defendant in Ohio and suffered the same harms described below.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

6. The Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7. During relevant times, Plaintiff has been an adult individual residing in this District and Division. Plaintiff's written Consent to Join form is attached hereto as **Exhibit A**.

8. Defendant is a Delaware limited liability company, that is registered to conduct business in Ohio, and which can be served at its registered agent: c/o Corporation Service Company, 3366 Riverside Drive, Suite 103, Upper Arlington, OH 43221.

9. Defendant's principal place of business in Ohio is 4780 Alliance Dr., Mason, Ohio 45040 (Warren County).

10. At all relevant times, Defendant was an employer within the meaning of the FLSA and the OMFWSA.

11. At all relevant times, Plaintiff and others similarly situated were employees within the meaning of the FLSA and the OMFWSA.

12. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. At all relevant times, Plaintiff and others similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## FACTUAL ALLEGATIONS

14. Defendant employed Plaintiff as an hourly non-exempt worker from approximately January 2020 through May 2023.

15. Defendant is a meat processing company.

16. As a meat processing company, Defendant is regulated by the U.S. Food and Drug Administration ("FDA"), and is subject to the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 9, *et seq*. (hereinafter "FDCA").

17. In enforcing the FDCA, the FDA promulgates its own Good Manufacturing Practices ("GMPs") for the manufacturing, packing, or holding of human food, set forth in 21 C.F.R. § 110, with which Defendant is required by law to comply.

18. The GMPs have a section dedicated to personnel, which specifically requires that "[a]ll persons working in direct contact with food, food-contact surfaces, and food-packaging materials ***shall conform to hygienic practices while on duty*** to the extent necessary to protect against contamination of food." 21 C.F.R. § 110.10(b) (emphasis added). These practices include, but are not limited to:

   a. Wearing outer garments suitable to the operation in a manner that protects against the contamination of food, food-contact surfaces, or food-packaging materials.

   b. Maintaining adequate personal cleanliness.

   c. Washing hands thoroughly (and sanitizing if necessary to protect against contamination with undesirable microorganisms) in an adequate handwashing facility before starting work, after each absence from the workstation, and at any other time when the hands may have become soiled or contaminated.

    d. Removing all unsecured jewelry and other objects that might fall into food, equipment, or containers, and removing hand jewelry that cannot be adequately sanitized during periods in which food is manipulated by hand. If such hand jewelry cannot be removed, it may be covered by material which can be maintained in an intact, clean, and sanitary condition and which effectively protects against the contamination by these objects of the food, food-contact surfaces, or food-packaging materials.

    e. Maintaining gloves, if they are used in food handling, in an intact, clean, and sanitary condition. The gloves should be of an impermeable material.

    f. Wearing, where appropriate, in an effective manner, hair nets, headbands, caps, beard covers, or other effective hair restraints.

    g. Storing clothing or other personal belongings in areas other than where food is exposed or where equipment or utensils are washed.

    h. Confining the following to areas other than where food may be exposed or where equipment or utensils are washed: eating food, chewing gum, drinking beverages, or using tobacco.

    i. Taking any other necessary precautions to protect against contamination of food, food-contact surfaces, or food-packaging materials with microorganisms or foreign substances including, but not limited to, perspiration, hair, cosmetics, tobacco, chemicals, and medicines applied to the skin.

19. Notably, "[r]esponsibility for assuring compliance by all personnel with all requirements of this part shall be clearly assigned to competent supervisory personnel." 21 C.F.R. §110.10(d).

20. The FDCA prohibits the adulteration of food, and the introduction or delivery for introduction into interstate commerce of any adulterated food. 21 U.S.C. § 331.

21. Food is considered adulterated "if it has been prepared, packed, or held under insanitary conditions whereby it may have become contaminated with filth, or whereby it may have been rendered injurious to health[.]" 21 U.S.C. § 342(a)(4).

22. Any person who violates 21 U.S.C. § 331 "shall be imprisoned for not more than one year or fined not more than $1,000, or both." 21 U.S.C. § 333(a)(1).

23. In determining whether food is adulterated, the FDA applies the criteria and definitions set forth in the GMPs. 21 C.F.R. § 110.5(a).

24. Consequently, if Defendant's employees did not follow the GMPs set forth in 21 C.F.R. § 110.10(b), they could be held criminally liable under 21 U.S.C. § 333(a)(1).

25. Thus, it would be impossible for Plaintiff and those similarly situated, who were engaged in the processing, packaging, and handling of food products, to perform their work duties unless they properly washed and wore sanitary clothing and other protective equipment required by law.

26. Indeed, if Plaintiff and those similarly situated did not follow federal law, including washing and wearing sanitary clothing and other personal protective equipment, it is possible, if not likely, that this would cause the spread of food-borne pathogens to those who consumed Defendant's food products.

27. Upon information and belief, Defendant would not want to endanger the public by encouraging or permitting their employees to disregard federal and/or state food-safety laws.

28. Upon information and belief, Defendant would deem it impossible for their employees to perform their job duties unless they were in compliance with federal or state food safety laws, including the laws requiring Defendant's employees to follow certain washing protocols and wearing sanitary and other protective equipment.

29. As a result, compliance with the GMPs by Defendant's employees involved in the processing, packaging, and handling of food is integral and indispensable to the work they are hired to do.

30. Compliance with the GMPs by Defendant's employees involved in the processing, packaging, and handling of food is an intrinsic element of their activities and one in which they cannot dispense if they are to perform their principal activities.

31. Compliance with the GMPs by Defendant's employees involved in the processing, packaging, and handling of food is a component of the work they are hired to do.

32. Unless Plaintiff and those similarly situated comply with the GMPs, they cannot complete their work.

33. The required safety measures, including handwashing and sanitizing, and donning and doffing of sanitary clothing and other protective equipment such as hairnets and/or beard guards, smocks, aprons, protective sleeves, hard hats, ear and eye protection, and/or boots by Defendant's employees involved in the processing, packaging, and handling of food constitutes the employees' first principal activity of the day.

34. Plaintiff and others similarly situated were non-exempt employees under the FLSA and Ohio law, were paid an hourly wage, and performed non-exempt work in Defendant's processing and packaging of food for human consumption.

35. Because Plaintiff and other similarly situated employees are involved in the processing, packaging, or handling of food, to comply with the GMPs, they engage in mandatory handwashing and sanitizing, donning and doffing of sanitary clothing and other protective equipment, and related walking and waiting.

36. Plaintiff and other similarly situated employees were required to engage in this compensable work of hand washing at designated stations, donning and doffing of sanitary clothing and equipment and related walking and waiting during their 30-minute unpaid lunch.

37. This compensable work is performed during the unpaid lunch period. Thus, Plaintiff and those similarly situated are/were not paid for the compensable work in violation of the FLSA and the OMFWSA in weeks in which they worked 40 or more hours.

38. Plaintiff and others similarly situated are/were required by Defendant to perform these activities at work during their unpaid meal breaks because of risks of bringing contaminants into Defendant's production areas where food was processed and packaged for human consumption.

39. Under the continuous workday rule, this work was compensable because it occurred during the workday, after the beginning of the employee's first principal activity and before the end of the employee's last principal activity.[2]

40. By engaging in this unpaid compensable work, Plaintiff and those similarly situated were not relieved from their duties during unpaid meal periods.

41. The unpaid compensable work happened consistently and regularly.

42. The unpaid compensable work took place during every unpaid lunch.

43. This unpaid compensable work took up to approximately 10 minutes per lunch break.

44. Plaintiff and other similarly situated employees, as full-time employees, regularly worked over 40 hours in a workweek.

45. Therefore, Plaintiff and other similarly situated employees were not paid overtime compensation for all of the hours they worked over forty (40) each workweek.

---

[2] *See e.g., Thomas v. Amazon.com Servs.*, 462 F. Supp. 3d 828, 837-38 (N.D. Ohio 2020) (citing *Busk v. Integrity Staffing Sols., Inc. (In re Amazon.com, Inc.)*, 905 F.3d 387, 401 n.3. (6th Cir. 2018) and 29 C.F.R. § 790.6(b) (("[A] rest period or a lunch period is part of the 'workday', and section 4 of the Portal Act therefore plays no part in determining whether such a period, under the particular circumstances presented, is or is not compensable, or whether it should be included in the computation of hours worked.")

46. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA and the OMFWSA.

47. Upon information and belief, Defendant failed to make, keep, and preserve records of all hours worked by Plaintiff and other similarly situated employees.

## COLLECTIVE ACTION ALLEGATIONS

48. Plaintiff brings this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

49. The collective which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action (the "Potential Opt-In Plaintiffs"), and of which Plaintiff is himself a member, is composed of and defined as follows:

> **All former and current hourly employees who engaged in handwashing, donning and doffing of sanitary gear and protective equipment, and related travel and who worked 40 or more hours in any workweek within three (3) years preceding the date of filing of this Complaint through the final resolution of this matter.**

50. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

51. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively

adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

52. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and all other current or former persons employed by Defendant in Ohio within the last two years ("Ohio Class") defined as:

> **All former and current hourly employees who engaged in handwashing, donning and doffing of sanitary gear and protective equipment, and related travel and who worked 40 or more hours in any workweek in Ohio within two (2) years preceding the date of filing of this Complaint through the final resolution of this matter.**

53. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Ohio Class members but estimates that it consists of at least 100 or more employees.

54. There are questions of law or fact common to the Ohio Class including: whether Defendant failed to pay its employees for handwashing and donning and doffing of sanitary gear and protective equipment required for them to perform their duties of processing and packing food for human consumption, as well as the associated travel that occurred during unpaid meal break time, and whether that resulted in the underpayment of overtime.

55. Plaintiff will adequately protect the interests of the Ohio Class. His interests are not antagonistic to but, rather, are in unison with, the interests of the Ohio Class members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and are fully qualified to prosecute the claims of the Ohio Class in this case.

56. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's

liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

57. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

58. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

59. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated the FLSA.

60. Plaintiff and those similarly situated are not exempt from the protections of the FLSA.

61. Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the FLSA.

62. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

63. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been harmed in that they have not received wages due to them pursuant to the FLSA, and because such wages remain unpaid, damages continue.

## COUNT TWO
### (Ohio Overtime - Class Violations)

64. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

65. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated Ohio law.

66. Plaintiff and those similarly situated are not exempt from the protections of Ohio law.

67. Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated Ohio law.

68. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated Ohio law.

69. As a result of Defendant's practices, Plaintiff and other similarly situated Ohio Class employees have been harmed in that they have not received wages due to them pursuant to Ohio's wage and hour laws, and because such wages remain unpaid, damages continue.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and all similarly situated persons, collectively pray that this Honorable Court:

A. Issue an Order directing the Court-authorized notice be issued to the Potential Opt-In Plaintiffs pursuant to 29 U.S.C. § 216(b), enabling them to opt into this action;

B. Issue an Order finding the Plaintiff is similarly situated to the Potential Opt-In Plaintiffs that opt into this action pursuant to 29 U.S.C. §216(b);

C. Certify this action as a class action pursuant to Fed. R. Civ. P. 23;

D. Enter judgment against Defendant and in favor of Plaintiff, the opt-ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class Members;

E. Award Plaintiff, the Potential Opt-In Plaintiffs that join this case, and the Ohio Class actual damages for unpaid wages and/or liquidated damages as provided under the FLSA;

F. Award Plaintiff, the Potential Opt-In Plaintiffs that join this case, and the Ohio Class, pre-judgment and/or post-judgment interest at the statutory rate;

G. Award Plaintiff, the Potential Opt-In Plaintiffs that join this case, and the Ohio Class attorneys' fees, costs, and disbursements; and

H. Award Plaintiff, the Potential Opt-In Plaintiffs that join this case, and the Ohio Class, further and additional relief as this Court deems just and proper.

Respectfully submitted,
**NILGES DRAHER LLC**

*/s/ Shannon M. Draher*
Shannon M. Draher (0074304)
Hans A. Nilges (0076017)
7034 Braucher St NW, Suite B
North Canton, OH 44720
Telephone: 330-470-4428
Facsimile: 330-754-1430
Email: sdraher@ohlaborlaw.com
hans@ohlaborlaw.com

Robi J. Baishnab (0086195)
1360 E. 9th St., Ste. 808
Cleveland, OH 44114
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

*Counsel for Representative Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

*/s/ Shannon M. Draher*

*Counsel for Representative Plaintiff*